NO. 07-05-0219-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 27, 2005
_____

CHRISTOPHER LEE CROSS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64th DISTRICT COURT OF HALE COUNTY;

NO. B15360-0402; HON. ROBERT W. KINKAID JR., PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Christopher Lee Cross (appellant), acting *pro se*, appeals his conviction for possessing a controlled substance. The reporter's record was filed on July 19, 2005, and the clerk's record was filed on August 4, 2005. Thus, appellant's brief was due on September 6, 2005. That date passed without appellant filing a brief, however. So, on September 14, 2005, we notified appellant, by letter, that neither a brief nor an extension of time to file one had been received by the court. Appellant was directed to either respond to our notice or file a brief by September 26, 2005, otherwise the appeal would be abated to the trial court. To date, we have yet to receive either a response or brief.

Consequently, we abate the appeal and remand the cause to the 64th District Court of Hale County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal; and

2.    whether appellant is indigent and entitled to appointed counsel.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue his appeal, is indigent, and has no counsel, then we further direct it to appoint counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before October 27, 2005. Should additional time be needed to perform these tasks, the trial court may request same on or before October 27, 2005.

It is so ordered.

Per Curiam

Do not publish.

2